Verified Correct Copy of Original 7/29/2025.

FILED MULTNOMAH CO CIRCUIT
'25 JUL 29 PM 3:05

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| T.S., L.B., D.S., and G.G., individuals proceeding under pseudonyms,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF OREGON, by and through the Oregon Youth Authority; KAREN BRAZEAU, an individual; ROBERT JESTER, an individual; GARY LAWHEAD, an individual; MIKE COZNER, an individual; DIRECTORS #1-2, individuals; SUPERINTENDENTS #1-2, individual(s); and UNKNOWN STAFFERS #1-20, individuals,<br><br>Defendants. | Case No.: 25CV43532<br><br>COMPLAINT FOR CIVIL RIGHTS VIOLATIONS OF 8th & 14th AMENDMENTS-42 U.S.C. § 1983; NEGLIGENCE; SEXUAL BATTERY-Respondeat Superior; "Title IX"-20 USC §1681<br><br>Not Subject to Mandatory Arbitration Jury Trial Demanded<br><br>PRAYER: $20,400,000<br>ORS 21.160(1)(e) Fee: $1,178.00 |

Plaintiffs demand a jury trial and allege as follows:

1.

At all times material, plaintiffs ("Plaintiffs") were juveniles adjudicated in various counties across Oregon (including, on information and belief, in Multnomah County) and ultimately committed to the care and custody of the Oregon Youth Authority (the "OYA"). The OYA's stated purpose is in part to "provide youth with treatment, education, and other guidance to help them take responsibility for their behavior" and "do so in safe, supportive

PAGE 1 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Verified Correct Copy of Original 7/29/2025.

environments that will help them become responsible, community-minded citizens." The OYA placed each of the Plaintiffs at the MacLaren Youth Correctional Facility in Woodburn, Oregon ("MacLaren") at some point during their confinement. While housed at MacLaren, all four Plaintiffs were sexually abused by defendant Doctor Edward Gary Edwards ("Dr. Edwards"), a long-time pediatrician providing medical care to youths at MacLaren since 1977. The sexual abuse of Plaintiffs occurred between approximately 1996 and 2007 and included, *inter alia,* skin-on-skin fondling and groping of Plaintiffs' testicles and penises, digital penetration of their anuses, and manual manipulation of their penises – all for Dr. Edwards' sexual gratification. Dr. Edwards' sexual abuse of children at MacLaren was so prevalent and well-known among the MacLaren administration, staff, and youths that they nicknamed him "Dr. Cold Fingers." Rather than report Dr. Edwards or take other action to prevent his abuse of youth in their custody, MacLaren correction officers and employees instead ignored and, in some cases, weaponized Dr. Edwards' well-known pedophilia, threatening children that if they did not behave, they would be sent to "Dr. Cold Fingers" as punishment.

2.

Plaintiffs were at all relevant times residents of the State of Oregon and in the custody of the OYA as adjudicated youths. Furthermore, all Plaintiffs are proceeding under pseudonyms because of the sensitive and embarrassing nature of the allegations contained herein. Revealing their identities as survivors of childhood sexual abuse would subject Plaintiffs and their families to humiliation,

PAGE 2 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Verified Correct Copy of Original 7/29/2025.

embarrassment, and emotional distress. Plaintiffs will be filing a motion to proceed under pseudonyms concurrently with this complaint, and their identities will be promptly provided to counsel for Defendants, subject to reasonable assurances of confidentiality.

3.

Plaintiff T.S. is a 44-year old male resident of the State of Oregon. At all times relevant to the wrongful conduct complained of herein, Plaintiff T.S. was in the legal and physical custody of O.Y.A.

4.

Plaintiff L.B. is a 35-year old male currently a resident of the State of Arizona. At all times relevant to the wrongful conduct complained of herein, Plaintiff L.B. was a resident of the State of Oregon in the legal and physical custody of O.Y.A.

5.

Plaintiff D.S. is a 36-year old male resident of the State of Oregon. At all times relevant to the wrongful conduct complained of herein, Plaintiff D.S. was in the legal and physical custody of O.Y.A.

6.

Plaintiff G.G. is a 42-year old resident of the State of Oregon. At all times relevant to the wrongful conduct complained of herein, Plaintiff G.G. was in the legal and physical custody of O.Y.A.

7.

Defendant Oregon Youth Authority ("OYA") is a duly authorized agency of

PAGE 3 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

Verified Correct Copy of Original 7/29/2025.

Defendant State of Oregon. As part of Oregon's juvenile justice system OYA operates facilities across Oregon where youth offenders are housed and treated, including MacLaren. Under the Oregon Tort Claims Act, OYA is subject to liability for the torts of its officers, employees, and agents acting within the scope of their employment or duties.

8.

At all times material herein, on information and belief, OYA coordinated and provided educational services to adjudicated youth, including formal classroom instructions for adjudicated youth committed to MacLaren. Adjudicated youth at MacLaren attended educational classes at MacLaren.

9.

Based on information and belief, at all times material herein, OYA received federal funding to support its programs and functions.

10.

At all times material, Dr. Edward Gary Edwards ("Dr. Edwards") was acting under the color of state law. All conduct alleged below occurred within the scope of his employment with the OYA or resulted from acts within the scope of that employment.

11.

Defendant KAREN BRAZEAU was the Director of OYA from 2002 through 2004, a state administrative agency whose principal business offices are located in Salem, Marion County, Oregon. In her capacity as Director of OYA, her official duties and responsibilities included, but were not limited to, the supervision of

PAGE 4 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Verified Correct Copy of Original 7/29/2025.

the delivery of services and coordination of programs in youth correctional facilities. *See* ORS 420A.010; 420A014; 420A015; 420A.020; 420A025; 420A.105. At all relevant times herein, Defendant Brazeau was acting under the color of state law. All conduct alleged below occurred within the scope of Defendant Brazeau's employment with the OYA. Defendant Brazeau is sued in her individual and official capacity.

12.

Defendant ROBERT JESTER was the Director of OYA from 2004 through 2008, a state administrative agency whose principal business offices are located in Salem, Marion County, Oregon. In his capacity as Director of OYA, his official duties and responsibilities included, but were not limited to, the supervision of the delivery of services and coordination of programs in youth correctional facilities. *See* ORS 420A.010; 420A014; 420A015; 420A.020; 420A025; 420A.105. At all relevant times herein, Defendant Jester was acting under the color of state law. All conduct alleged below occurred within the scope of Defendant Jester's employment with the OYA. Defendant Jester is sued in his individual and official capacity.

13.

Based on information and belief, DIRECTORS #1-2 are residents of the State of Oregon whose identities are currently unknown to plaintiffs. At all relevant times, DIRECTORS #1-2 were employed as directors of the OYA (collectively, the "Directors") and acting under the color of state law. All conduct alleged below occurred within the scope of the Directors' employment with the

PAGE 5 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

_Verified Correct Copy of Original 7/29/2025._

OYA. The Directors are sued in their individual and official capacities.

14.

Defendant GARY LAWHEAD was the Superintendent of MacLaren from 2002 through 2005. In his capacity as Superintendent, his official duties and responsibilities included, but were not limited to, the supervision of the delivery of services and coordination of programs in the facility. *See* ORS 420A.010; 420A014; 420A015; 420A.020; 420A025; 420A.105. At all relevant times herein, Defendant Lawhead was acting under the color of state law. All conduct alleged below occurred within the scope of Defendant Lawhead's employment with the OYA. Defendant Lawhead is sued in his individual and official capacity.

15.

Defendant MIKE COSNER was the Superintendent of MacLaren from 2005 through 2006. In his capacity as Superintendent, his official duties and responsibilities included, but were not limited to, the supervision of the delivery of services and coordination of programs in the facility. *See* ORS 420A.010; 420A014; 420A015; 420A.020; 420A025; 420A.105. At all relevant times herein, Defendant Cosner was acting under the color of state law. All conduct alleged below occurred within the scope of Defendant Cosner's employment with the OYA. Defendant Cosner is sued in his individual and official capacity.

16.

Based on information and belief, SUPERINTENDENTS #1-2 are residents of the State of Oregon whose identities are currently unknown to Plaintiffs. At all

PAGE 6 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

Verified Correct Copy of Original 7/29/2025.

relevant times, SUPERINTENDENTS #1-2 were employed as superintendents of MacLaren (collectively, the "Superintendents") and acting under the color of state law. All conduct alleged below occurred within the scope of the Superintendents' employment with the OYA. The Superintendents are sued in their individual and official capacities.

17.

Based on information and belief, UNKNOWN STAFFERS #1-20 are unknown individuals employed by OYA who were aware of reports and indications that Dr. Edwards posed a danger of sexual abuse to youth in OYA custody. DIRECTORS #1-2, SUPERINTENDENTS #1-2, and STAFFERS #1-20 are hereinafter referred to collectively as "Individual Defendants."

18.

All agents and employees of OYA mentioned herein were at all times mentioned herein acting within the course and scope of such agency and employment.

19.

Dr. Edwards and the Individual Defendants, as discussed below, engaged in intentional conduct resulting in one or more of the following: mental injury, rape, sexual abuse, and/or sexual exploitation of Plaintiffs as those terms are used in ORS 12.117.

//

//

//

PAGE 7 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Verified Correct Copy of Original 7/29/2025.

## OYA'S CULTURE OF SILENCE AROUND SEX ABUSE

20.

Youth are committed to OYA's legal and physical custody by county juvenile courts. OYA serves adjudicated youth between the ages of 12 and 25.

21.

"With a goal of being a national leader," OYA boasts that it quickly began implementing the standards set out by the federal 2003 Prison Rape Elimination Act ("PREA").[1] The PREA created federal standards for preventing, detecting, monitoring, and responding to sexual abuse including abuse in both adult and juvenile custody settings. On information and belief, the passage of the PREA in 2003 followed an extended period of more localized awareness (including within OYA) of a sustained and systemic problem of sexual abuse of adjudicated youth in youth correctional facilities.

22.

Beginning in 2005, OYA claims it committed to "a zero-tolerance policy towards sexual and other threats of harm" as part of its implementation of the PREA.[2] To that end, OYA created a Professional Standards Office ("PSO") to supposedly document, track, and investigate allegations of abuse. Staff were also required to report any knowledge, suspicion, or youth reports (verbal or written) of abuse or harassment. This included establishing an OYA toll-free hotline that adjudicated youth could call to report sexual abuse and (b) a PREA

---

[1] Oregon Youth Authority Issue Brief: Protecting Youth Offenders from Sexual Victimization (February 2011).
[2] *Id.*

PAGE 8 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Verified Correct Copy of Original 7/29/2025.

compliance manager for each facility. Prior to establishment of the PSO, there was little to no OYA process or policy concerning the monitoring, reporting, investigation, and tracking of sex abuse committed by OYA personnel against juveniles in OYA's custody and control.

23.

Despite this alleged implementation, OYA has a long history of ignoring reports of staff sexually abusing youth in its facilities and fostering an environment where unchecked sexual abuse could thrive. This environment stems in part from OYA failing to timely investigate the large backlog of reports of abuse within its facilities, failing to properly train staff, failing to report known incidents of sexual abuse to outside investigative agencies, and failing to implement policies that would protect youth from sexual abuse by staff.

24.

Recently, OYA's systemic failures have been exposed through a series of lawsuits alleging unchecked sexual abuse by OYA staff and by media coverage of OYA's lengthy backlog of complaints of sexual abuse that have gone uninvestigated and unaddressed.

**DOCTOR "COLD FINGERS"**
**EDWARDS**

25.

At all relevant times, Dr. Edwards was employed or otherwise working on behalf of OYA as a pediatrician providing medical examination,

PAGE 9 – COMPLAINT FOR SEXUAL BATTERY;
NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Verified Correct Copy of Original 7/29/2025.

diagnoses, and treatment to youths at MacLaren since 1977. Dr. Edwards was later named chief medical officer at MacLaren. In or around 2003, a claim for harassment was filed against Dr. Edwards, including allegations of Dr. Edwards "lunging" at a nurse. Per the OYA superintendent at the time, "the fallout from the incident ... has been considerable." Dr. Edwards remained a physician at MacLaren despite the complaint.

26.

Dr. Edwards was the primary medical provider at MacLaren from at least the late 1990s through at least 2007. Upon information and belief, Dr. Edwards was the only doctor working on site full-time at MacLaren during this time and, as such, was in charge of the medical care for all adjudicated youth at MacLaren, including performing intake examinations, periodic physicals, and similar examinations. In this role, Dr. Edwards had unfettered and unmonitored access to his victims.

27.

Dr. Edwards was dubbed "Dr. Cold Fingers" by adjudicated youth and staff alike because he was infamous for: groping boys' genitals and penises with cold, ungloved hands during exams for no legitimate medical reason; digital penetration of boys' anuses; stroking boys' penises until erect; and manually manipulating boys' penises, including in some instances to ejaculation. Dr. Edwards sexually abused children during intake exams, follow-up physicals, and unrelated medical visits in his

PAGE 10 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

Verified Correct Copy of Original 7/29/2025.

exam room when no nurse or chaperone was present. As the sole doctor at MacLaren, Dr. Edwards handled all intake exams, physicals, and treatment of any reported medical issues.

28.

As discussed below, several Plaintiffs reported Dr. Edwards to staff and counselors at MacLaren, but nothing was done. On information and belief, other victims of Dr. Edwards' abuse also disclosed the abuse to OYA staff and reported the abuse on to the OYA hotline but again nothing was done.

29.

OYA empowered Dr. Edwards and the Defendant Staffers to perform the duties of a doctor, staffer, or corrections officer, including the authority to discipline juveniles, implement physical supervision, and ensure rule enforcement. OYA knew that Dr. Edwards and these Defendant Staffers were each in a position of authority, power, and trust over adjudicated youth, including Plaintiffs. OYA retained the right to control the means and methods used by Dr. Edwards and the Defendant Staffers in its employ. It was during the course of exercising these duties and authority on behalf of OYA that Dr. Edwards abused Plaintiffs, and Defendant Staffers, when made aware of this abuse, did nothing.

//

//

PAGE 11 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

Verified Correct Copy of Original 7/29/2025.

30.

In addition, or in the alternative, OYA caused Plaintiffs to believe that OYA consented to Dr. Edwards and the Defendant Staffers acting on OYA's behalf. Plaintiffs reasonably relied upon this belief. Dr. Edwards and the Defendant Staffers' employment and service on behalf of YA made them agents and/or apparent agents of OYA.

### ABUSE OF PLAINTIFF T.S.

31.

Plaintiffs reallege and incorporate herein paragraphs 1 through 30.

32.

Plaintiff T.S. is a 44-year-old male. T.S. was adjudicated and placed at Maclaren in or about 1996-1997, at age 15-16 years old. While at MacLaren, T.S. attended educational high school classes on the grounds of MacLaren, classes that were on information and belief coordinated and supplied by defendant Oregon OYA. Dr. Edwards abused T.S. as described below:

33.

Several weeks after Plaintiff T. S. arrived at MacLaren, Dr. Edwards performed a "physical examination" of T.S. OYA staff directed T.S. to go into a room where he was then alone with Dr. Edwards. Dr. Edwards instructed T.S. to take down his pants and underwear. T.S. did so, exposing his genitals. Dr. Edwards then repeatedly groped and squeezed T.S.'s testicles and penis, using

PAGE 12 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

his bare, ungloved hands. These fondling incidents each lasted approximately five minutes. In between fondling T.S., Dr. Edwards ate a sandwich. After this incident, Dr. Edwards instructed T.S. to return to the waiting room. By virtue of his status and job duties as an employee and agent of defendant OYA, and based upon the trust and responsibilities given him by OYA, Edwards won the respect and obedience of adjudicated juveniles placed at MacLaren, including but not limited to plaintiffs, while simultaneously acting in the interests of his employer and employment. Edwards used his position of authority and trust to inspire trust and exercise authority over adjudicated juveniles placed at MacLaren, including plaintiffs, and the sexual abuse described herein resulted from acts within Edwards' scope of employment, and were the outgrowth of acts within the scope of Edward's employment.

34.

As a result of the abuse, T.S. endured and continues to endure pain, suffering, and mental health issues, including the following: depression, anxiety, self-medication in the past with controlled substances to alleviate his symptoms, panic attacks, difficulty with intimacy, and difficulty being touched. As a direct and proximate cause of Dr. Edwards' and Defendant OYA's wrongful conduct, T.S. has or will incur expenses for counseling and psychiatric/psychological treatment of approximately $100,000.

//

//

PAGE 13 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Verified Correct Copy of Original 7/29/2025.

35.

As a direct and proximate result of Defendant OYA's, the individual Defendants', and Dr. Edwards' wrongful conduct, T.S. suffered in the past, continues to suffer, and will suffer in the future psychological injuries, including but not limited to pain and suffering and emotional distress. All of these injuries cause and will continue to cause T.S. noneconomic damages in the approximate sum of $5,000,000, the exact amount to be determined by a jury at trial.

**ABUSE OF PLAINTIFF L.B.**

36.

Plaintiffs reallege and incorporate herein paragraphs 1 through 30.

37.

Plaintiff L.B. is a 35-year-old male. L.B. was adjudicated and placed at Maclaren in or about 2004-2005, at age 14-15 years old. While at MacLaren, L.B. attended educational high school classes on the grounds of MacLaren, classes that were on information and belief coordinated and supplied by defendant Oregon OYA. Dr. Edwards abused L.B. as described below:

38.

After L.B. arrived at MacLaren, he was sent by OYA staff for a "physical examination" with Dr. Edwards. He was told to strip naked, which he did. Dr. Edwards then fondled L.B.'s scrotum, buttocks, and penis. Dr. Edwards then inserted a finger or fingers into L.B.'s anus. At all material times herein, by

PAGE 14 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Verified Correct Copy of Original 7/29/2025.

virtue of his status and job duties as an employee and agent of defendant OYA, and based upon the trust and responsibilities given him by OYA, Edwards won the respect and obedience of adjudicated juveniles placed at MacLaren, including but not limited to plaintiffs, while simultaneously acting in the interests of his employer and employment. Edwards used his position of authority and trust to inspire trust and exercise authority over adjudicated juveniles placed at MacLaren, including plaintiffs, and the sexual abuse described herein resulted from acts within Edwards' scope of employment, and were the outgrowth of acts within the scope of Edward's employment.

39.

Plaintiff L.B. was later sent by OYA staff for another "examination" by Dr. Edwards. L.B. was again instructed to strip off his clothes, which he did. Dr. Edwards aggressively grabbed and manually manipulated L.B.'s penis.

40.

On a third occasion, L.B. was again sent by O.Y.A. staff for an "examination" by Dr. Edwards. Dr. Edwards fondled L.B.'s penis and scrotum aggressively manipulated L.B.'s penis, and placed his fingers inside L.B.'s anus.

41.

After the second sexual assault, L.B. told Staffer #1, his tent counselor, a young, Caucasian, blond woman named Ms. Kerry or Carey, that he did not

PAGE 15 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

EXHIBIT 1
Page 16 of 37

Verified Correct Copy of Original 7/29/2025.

want to see Dr. Edwards again because Dr. Edwards was very aggressive. She responded that it was part of the intake process.

42.

As a result of the abuse, L.B. endured and continues to endure pain, suffering, and mental health issues, including the following: anxiety, self-medication in the past with controlled substances to alleviate his symptoms, panic attacks, nightmares and sleep disturbance, and avoidance. As a direct and proximate cause of Dr. Edwards' and Defendant OYA's wrongful conduct, L.B. has or will incur expenses for counseling and psychiatric/psychological treatment of approximately $100,000.

43.

As a direct and proximate result of Defendant OYA's, the Individual Defendants', and Dr. Edwards' wrongful conduct, L.B. suffered in the past, continues to suffer, and will suffer in the future psychological injuries, including but not limited to pain and suffering and emotional distress. All of these injuries cause and will continue to cause L.B. noneconomic damages in the approximate sum of $5,000,000, the exact amount to be determined by a jury at trial.

**ABUSE OF PLAINTIFF D.S.**

44.

Plaintiffs reallege and incorporate herein paragraphs 1 through 30.

45.

PAGE 16 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

EXHIBIT 1
Page 17 of 37

Verified Correct Copy of Original 7/29/2025.

Plaintiff D.S. is a 36-year-old male. D.S. was adjudicated and placed at Maclaren in or about 2002-2004, at age 13-15. While at MacLaren, D.S. attended educational high school classes on the grounds of MacLaren, classes that were on information and belief coordinated and supplied by defendant Oregon OYA. Dr. Edwards abused D.S. as described below:

46.

After D.S. arrived at MacLaren, he was sent by OYA staff for a "physical examination" with Dr. Edwards. He was told to strip naked, which he did. Dr. Edwards then fondled D.S..'s scrotum. Dr. Edwards then instructed D.S. to turn around and bend over. D.S. complied with Dr. Edwards' instruction. Dr. Edwards then inserted his finger in D.S.'s anus. D.S. yelled at Dr. Edwards to stop and Dr. Edwards told D.S. he would lose privileges if he left. Dr. Edwards continued to digitally penetrate D.S's anus. Throughout the assault, Dr. Edwards did not wear gloves. By virtue of his status and job duties as an employee and agent of defendant OYA and based upon the trust and responsibilities given him by OYA, Edwards won the respect and obedience of adjudicated juveniles placed at MacLaren, including but not limited to plaintiffs, while simultaneously acting in the interests of his employer and employment. Edwards used his position of authority and trust to inspire trust and exercise authority over adjudicated juveniles placed at MacLaren, including plaintiffs, and the sexual abuse described herein resulted from acts

PAGE 17 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Verified Correct Copy of Original 7/29/2025.

within Edwards' scope of employment, and were the outgrowth of acts within the scope of Edward's employment.

47.

D.S. reported Dr. Edwards' actions to several OYA staffers, including Staffer #2, possibly named Rose, and Staffer #3, possibly named Alan. Staffer #3 told D.S., "That's what the kids have to go through." D.S. also reported the abuse to an older female staffer, Staffer #4, who said she would talk to someone. As far as D.S. knows, no actions were taken by any staff to investigate or prevent this abuse.

48.

While D.S. was confined at MacLaren, on one occasion the facility went on lockdown because an inmate was unaccounted for. The OYA staff had the boys sit in chairs and told D.S. and the other boys that "the first person to talk has to go and see Dr. Coldfingers."

49.

As a result of the abuse, D.S. endured and continues to endure pain, suffering, and mental health issues, including the following: depression, anxiety, self-medication in the past with controlled substances to alleviate his symptoms, panic attacks, difficulty with intimacy, and difficulty being touched, and difficulty seeking medical care and undergoing medical examinations. As a direct and proximate cause of Dr. Edwards' and Defendant

PAGE 18 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Verified Correct Copy of Original 7/29/2025.

OYA's wrongful conduct, D.S. has or will incur expenses for counseling and psychiatric/psychological treatment of approximately $100,000.

50.

As a direct and proximate result of Defendant OYA's, Individual Defendants', and Dr. Edwards' wrongful conduct, D.S. suffered in the past, continues to suffer, and will suffer in the future psychological injuries, including but not limited to pain and suffering and emotional distress. All of these injuries cause and will continue to cause D.S. noneconomic damages in the approximate sum of $5,000,000, the exact amount to be determined by a jury at trial.

**ABUSE OF PLAINTIFF G.G.**

51.

Plaintiffs reallege and incorporate herein paragraphs 1 through 30.

52.

Plaintiff G.G. is 42 years old. At the time G.G. was adjudicated and placed in MacLaren, on or about 2000-2002, G.G. was a seventeen year old biological male. G.G. has since transitioned genders and uses the pronouns "she/hers." While at MacLaren, G.G. attended educational high school classes on the grounds of MacLaren, classes that were on information and belief coordinated and supplied by defendant Oregon OYA. Dr. MacLaren abused G.G. as follows:

//

PAGE 19 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Verified Correct Copy of Original 7/29/2025.

53.

On the day G.G. arrived at MacLaren, OYA staff sent G.G. to Dr. Edwards for an "examination." Dr. Edwards instructed G.G. to disrobe from the waist down. G.G. complied. Dr. Edwards then grabbed G.G.'s penis with his ungloved bare hands and began manipulating G.G.'s penis manually. He then instructed G.G. to dress, and Dr. Edwards left the room. By virtue of his status and job duties as an employee and agent of defendant OYA, and based upon the trust and responsibilities given him by OYA, Edwards won the respect and obedience of adjudicated juveniles placed at MacLaren, including but not limited to plaintiffs, while simultaneously acting in the interests of his employer and employment.  Edwards used his position of authority and trust to inspire trust and exercise authority over adjudicated juveniles placed at MacLaren, including plaintiffs, and the sexual abuse described herein resulted from acts within Edwards' scope of employment, and were the outgrowth of acts within the scope of Edward's employment.

54.

G.G. was later transferred to Grover Cottage, a residence at MacLaren. G.G. told Defendants Staffers Five, Six, and Seven, (possibly named Edwards, Lawson and Foreman, respectively) all OYA employees who worked at Grover Cottage, what Dr. Edwards had done. Defendants Staffers Five, Six, and Seven laughed and told G.G. that this sort of thing happens. OYA staff

PAGE 20 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

employed in Grove Cottage called Dr. Edwards "Dr. Coldfingers," and openly discussed his abuse of the children in their care.

55.

As a result of the abuse, G.G. endured and continues to endure pain, suffering, and mental health issues, including the following: depression, anxiety, difficulty with intimacy, and difficulty being touched, and difficulty seeking medical care and undergoing medical examinations, and can only seek medical care from female medical providers. As a direct and proximate cause of Dr. Edwards' and Defendant OYA's wrongful conduct, G.G. has or will incur expenses for counseling and psychiatric/psychological treatment of approximately $100,000.

56.

As a direct and proximate result of Defendant OYA's, Individual Defendants', and Dr. Edwards' wrongful conduct, G.G. suffered in the past, continues to suffer, and will suffer in the future psychological injuries, including but not limited to pain and suffering and emotional distress. All of these injuries cause and will continue to cause G.G. noneconomic damages in the approximate sum of $5,000,000, the exact amount to be determined by a jury at trial.

//

//

//

PAGE 21 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Verified Correct Copy of Original 7/29/2025.

Verified Correct Copy of Original 7/29/2025.

**DISCOVERY OF HARM**

57.

Plaintiffs reallege and incorporate herein paragraphs 1 through 30.

58.

Each of Plaintiffs' claims set out herein are timely for one or more of the following reasons:

1. Any limitations periods applicable to Plaintiffs' claims were tolled based on minority;

2. A Tort Claim Notice was properly served on Oregon Youth Authority within 180 days of each plaintiff's discovery of the matters set forth in paragraphs 1-30 above.

3. However, notice of claim is not required for claims against OYA by a claimant who was under 18 years of age and in OYA custody when the acts or omissions giving rise to the claim occurred. To the extent that notice of claim was required against any Defendant under ORS 30.275, Plaintiffs' provided timely notice by serving Tort Claim Notices as described above and by the filing of this lawsuit.

4. Any limitations periods applicable to Plaintiffs' claims are equitably tolled or Defendants are otherwise equitably estopped from attacking Plaintiffs' claims on timeliness grounds (including, on information and belief, Defendants' fraudulent concealment);

PAGE 22 – COMPLAINT FOR SEXUAL BATTERY;
NEGLIGENCE

Verified Correct Copy of Original 7/29/2025.

5. Less than two years have elapsed since Plaintiffs discovered that the conduct by Defendants OYA, Directors, and Superintendents were negligent or otherwise actionable;

6. Less than two years have elapsed since Plaintiffs discovered their injuries and the causal role that conduct by Defendants played in their injuries; and

7. The conduct towards these minor plaintiffs was cloaked under the guise of medical examinations and was required by OYA. Plaintiffs were unaware and unable to discover the events and OYA's role in the misconduct described herein. Plaintiffs' claims are therefore timely under ORS 12.117.

59.

Less than two years before the date of this complaint, Plaintiffs discovered the causal connection between their abuse, the resulting injuries distinct from the abuse itself, and the responsibility of Defendants OYA, Directors, and Superintendents in causing those injuries. Plaintiffs did not discover (and could not reasonably have discovered) at an earlier time the causal connection between the abuse and the damages suffered as a result of the abuse. The psychological effects of the abuse Plaintiffs suffered prevented them from discovering the causal connection between the abuse and the damages they suffered as a result of the abuse. Plaintiffs' claims are timely pursuant to ORS 12.117.

//

PAGE 23 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

Verified Correct Copy of Original 7/29/2025.

## SUPERVISORY LIABILITY

60.

Plaintiffs reallege and incorporate herein paragraphs 1 through 30; and 58 through 59.

61.

Directors and Superintendents were employed by the OYA at the time that Dr. Edwards sexually abused Plaintiffs and Defendant Staffers did not report or prevent this abuse. Both were aware of OYA's long history of turning a blind eye to reports of staff sexually abusing youth at its facilities. Both failed in their respective supervisory roles to prevent the sexual abuse of Plaintiffs, including the following failures:

a. Failing to investigate reports of abuse properly or at all;

b. Failing to refer known incidents to outside investigative agencies;

c. Failing to install sufficient security and monitoring equipment at MacLaren to deter the abuse of minors;

d. Failing to properly implement, monitor, and sustain PREA standards, including timely appointment of PREA Compliance Manger and ensuring adherence at MacLaren and all other facilities to the rules and guidelines set out by PREA and implemented by the OYA;

e. Failing to implement policies and procedures to adequately vet job applicants, particularly for those positions requiring one-on-one interaction with juveniles, for a history of or proclivity to child sex abuse;

//

PAGE 24 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

Verified Correct Copy of Original 7/29/2025.

f.    Failing to train OYA's employees to recognize and properly respond to warning signs and dangers of child abuse and to report any and all signs or reports of sexual abuse; and

g.    Facilitating a general culture in which the abuse of juveniles was accepted.

62.

The State of Oregon and the OYA are entrusted with the rehabilitation of children adjudged delinquent. When the State imprisons these vulnerable children in detention facilities and thereby removes them from their families and their communities, the State removes their opportunities for self-protection, and the State is instead entrusted with caring for and protecting these completely dependent youth.

63.

Given the vulnerability of the juvenile population housed at OYA facilities, the OYA's history of a sustained and systemic problem of youth in its custody being targeted for sexual assault, and the widespread knowledge among MacLaren staff and adjudicated youth of Dr. Edwards' predatory nature, a supervisor exercising a reasonable amount of care would have immediately noticed and recognized the predatory threat that Dr. Edwards represented to Plaintiffs.

//

//

//

PAGE 25 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Verified Correct Copy of Original 7/29/2025.

64.

By failing to ensure that the policies enacted by his own agency to prevent, investigate, and respond to sexual abuse were followed or enforced, and by ignoring credible information that staff- including "Dr. Cold Fingers" -were engaging in sexual abuse of youth, Director consciously disregarded widespread sexual abuse of youth at OYA facilities, thus creating the conditions that allowed Dr. Edwards to sexually abuse Plaintiffs. This behavior evinced a deliberate indifference to Plaintiffs' right to be free from coerced sexual contact.

65.

By failing to ensure that OYA's policies to prevent, investigate, and respond to sexual abuse were followed or enforced at MacLaren, and by ignoring credible information that "Dr. Cold Fingers" was engaging in coercive sexual relationships with youth, Superintendent consciously disregarded widespread sexual abuse of youth at MacLaren, thus creating the conditions that allowed Dr. Edwards to sexually abuse Plaintiffs.

**FIRST CLAIM FOR RELIEF**
**Negligence Under OTCA**
**(Against State of Oregon)**

66.

Plaintiffs reallege and incorporate herein paragraphs 1 through 30, 58 through 59; and 61 through 65.

//

PAGE 26 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

_Verified Correct Copy of Original 7/29/2025._

67.

By taking custody of Plaintiffs and acting in loco parentis towards them during the period of their confinement, the State entered into a special relationship with Plaintiffs. At all material times, Defendants were in a special relationship with Plaintiffs by virtue of their statutory obligations to children in their care generally, and to Plaintiffs specifically. As their legal and physical guardian and custodian, Defendants owed Plaintiffs a heightened duty of care to provide a safe environment and protect them from abuse and injury while in OYA's care.

68.

Defendants' conduct and care were unreasonably below the applicable standard of care, and negligently and unreasonably created a foreseeable risk of harm to Plaintiffs in one or more of the following particulars:

a) In allowing for extended and unmonitored one-on-one interactions between Dr. Edwards and youth;

b) In failing to notice, investigate, or intervene to protect Plaintiffs from Dr. Edwards' inappropriate and sexual conduct towards Plaintiffs;

c) In failing to properly supervise Dr. Edwards and the Defendant Staffers;

d) In failing to properly heed, investigate, or otherwise take any action in response to reports of inappropriate conduct and sexual abuse

PAGE 27 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

_Verified Correct Copy of Original 7/29/2025._

by Dr. Edwards;

e) In failing to report or refer reports of inappropriate conduct and sexual abuse by Dr. Edwards to outside investigative agencies; and,

f) In failing to properly vet, hire, train, and retain qualified personnel, including medical providers, corrections officers, and other facility staff.

69.

Defendant OYA's negligence caused Plaintiffs' injuries and damages set out herein.

**SECOND CLAIM FOR RELIEF**
**42 USC §1983 - Civil Rights Violation**
**(Substantive Due Process - Violation of 14th Amendment)**
**(Against All Defendants)**

70.

Plaintiffs reallege and incorporate herein paragraphs 1 through 30; 58 through 59; and 61 through 69.

71.

Dr. Edwards and all other Defendants were acting within the course and scope of their employment at the OYA when they engaged in the wrongful conduct alleged above.

72.

Dr. Edwards and all other Defendants were working as staff members or employees of a youth correctional facility.

PAGE 28 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

_Verified Correct Copy of Original 7/29/2025._

73.

Dr. Edwards and all other Defendants were acting under color of state law.

74.

Plaintiffs were confined to MacLaren as adjudicated youths at the time they were abused by Dr. Edwards.

75.

Dr. Edwards touched Plaintiffs in a sexual manner without legitimate penological or medical justification or purpose. Dr. Edwards touched Plaintiffs in a sexual manner that was not reasonably related to any legitimate government objective.

76.

Dr. Edwards acted for his own sexual gratification.

77.

Dr. Edwards' repeated sexual abuse of Plaintiffs constituted a substantial departure from professional judgment, practice or standards.

78.

Dr. Edwards failed to provide for Plaintiffs' reasonable safety while confined in OYA facilities by repeatedly engaging in coerced sexual conduct with Plaintiffs.

//

//

PAGE 29 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

79.

Through the failures outlined above, the Directors and Superintendent created the conditions at MacLaren under which Dr. Edwards' sexual contact with Plaintiffs was possible.

80.

Those conditions put Plaintiffs at substantial risk of suffering serious harm, namely, the risk that Plaintiffs would be sexually abused by OYA staff or employees.

81.

The Directors and Superintendents failed to take reasonable available measures to abate the risk that Plaintiffs would be sexually abused by a staff member while confined at MacLaren.

82.

The Directors and Superintendents, in failing to act to protect Plaintiffs from sexual abuse by Dr. Edwards, failed to provide for Plaintiffs' reasonable safety.

83.

The Directors' and Superintendents' failure to take reasonable available measures, as alleged above, constituted a substantial departure from professional judgment, practice, or standards.

//

//

PAGE 30 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Verified Correct Copy of Original 7/29/2025.

Verified Correct Copy of Original 7/29/2025.

84.

In so doing, given the history at OYA, the Directors and Superintendents evinced deliberate indifference to Plaintiffs' right to be free from coerced sexual contact with Dr. Edwards.

85.

No Defendants took reasonable, appropriate, and legally mandated steps to stop sexual abuse from occurring.

86.

Defendant OYA by its customs, policies, and systemic failures detailed above created a foreseeable risk of sexual abuse of Plaintiffs, evinced a deliberate indifference to this risk, and failed to take any action to prevent this foreseeable abuse, in violation of Plaintiffs' substantive due process rights to be free from sexual assault.

87.

Defendants' actions and omissions described above violated Plaintiffs' civil rights and caused Plaintiffs' injuries and damages set out herein.

88.

Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover reasonable and necessary attorney fees and costs incurred in the prosecution of this action.

//

//

PAGE 31 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

Verified Correct Copy of Original 7/29/2025.

## THIRD CLAIM FOR RELIEF

### 42 USC §1983 - Civil Rights Violation
### (Cruel and Unusual Punishment -
### Violation of 8th and 14th Amendments)
### (Against All Defendants)

89.

Plaintiffs reallege and incorporate herein paragraphs 1 through 30; 58 through 59; and 61 through 88.

90.

Dr. Edwards and all Defendants were working within the course and scope of their employment at the OYA when they engaged in the wrongful conduct alleged above.

91.

Dr. Edwards and as Defendants were working as staff members or employees of a youth correctional facility.

92.

Dr. Edwards and all Defendants were acting under color of state law.

93.

Dr. Edwards touched Plaintiffs in a sexual manner without penological or medical justification or purpose.

94.

Dr. Edwards acted for his own sexual gratification.

PAGE 32 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

_Verified Correct Copy of Original 7/29/2025._

95.

Through the failures outlined above, the Directors and Superintendents created the conditions at MacLaren, under which Dr. Edwards' sexual contact with Plaintiffs was possible.

96.

Defendant OYA by its customs, policies, and systemic failures detailed above created a foreseeable risk of sexual abuse of Plaintiffs, evinced a deliberate indifference to this risk, and failed to take any action to prevent this foreseeable abuse, in violation of Plaintiffs' right to be free from cruel and unusual punishment.

97.

Defendants' actions and omissions described above violated Plaintiffs' civil rights and caused Plaintiffs' injuries and damages set out herein.

98.

Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover reasonable and necessary attorney fees and costs incurred in the prosecution of this action.

**FOURTH CLAIM FOR RELIEF**
**Sexual Battery of Child - Respondeat Superior**
**(Against Defendant OYA)**

99.

Plaintiffs reallege and incorporate herein paragraphs 1 through 30, 58 through 59; 61 through 98.

PAGE 33 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Verified Correct Copy of Original 7/29/2025.

100.

While acting in the course and scope of his agency for Defendant OYA, Dr. Edwards engaged in harmful and offensive touching of Plaintiffs to which Plaintiffs did not or could not consent, including groping Plaintiffs' genitals, manually manipulating certain Plaintiffs' penises, and digitally penetrating certain Plaintiffs' anuses, as set out more specifically above.

101.

Acts within the course and scope of Dr. Edwards' agency with Defendant OYA led to or resulted in the sexual batteries of Plaintiffs.

102.

As a direct result of Dr. Edward's sexual batteries, Plaintiffs have incurred economic and noneconomic damages as set out more fully above. Defendant OYA is vicariously liable for the sexual batteries of Dr. Edwards. Therefore, Plaintiffs are entitled to compensatory damages from Defendant OYA in an amount to be determined by a jury.

**FIFTH CLAIM FOR RELIEF**
**Title IX- 20 USC §1681**
**(Against Defendant OYA)**

103.

Plaintiffs reallege and incorporate herein paragraphs 1 through 30; 58 through 59; and 61 through 102.

104.

Defendant OYA, a recipient of federal funds, provided educational programs for adjudicated youth.

PAGE 34 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

_Verified Correct Copy of Original 7/29/2025._

105.

As detailed above, Defendant OYA maintained a policy and custom of deliberate indifference to reports and evidence of sexual misconduct by Dr. Edwards, which created a known or obvious heightened risk of sexual harassment and abuse.

106.

As a direct result of Defendant OYA's deliberate indifference, the conduct described above deprived plaintiffs of access to educational programs and opportunities coordinated and provided by defendant OYA.

107.

Plaintiffs are entitled to compensatory damages from Defendant OYA in an amount to be determined by a jury.

108.

Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover reasonable and necessary attorney fees and costs incurred in the prosecution of this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, each Plaintiff prays for judgment against Defendant as follows:

1. On the First Claim for Relief for Negligence:

a) Economic damages in the amount of $100,000 per Plaintiff;

b) Noneconomic damages in the amount of $5,000,000 per Plaintiff; and

c) Costs and disbursements incurred herein.

PAGE 35 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

**KAFOURY & McDOUGAL**
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Verified Correct Copy of Original 7/29/2025.

2.     On the Second Claim for Relief for Civil Rights Violations - 14th Amendment Due Process:

a) Economic damages in the amount of $100,000 per Plaintiff;

b) Noneconomic damages in the amount of $5,000,000 per Plaintiff;

c) Attorney fees incurred herein pursuant to 42 U.S.C. § 1988;

d) Costs and disbursements incurred herein; and

e) Any other relief the Court deems necessary.

3. On the Third Claim for Relief for Civil Rights Violations - 8th Amendment Cruel & Unusual Punishment:

a)     Economic damages in the amount of $100,000 per Plaintiff;

b)     Noneconomic damages in the amount of $5,000,000 per Plaintiff;

c)     Attorney fees incurred herein pursuant to 42 U.S.C. § 1988;

d)     Costs and disbursements incurred herein; and

e)     Any other relief the Court deems necessary.

4. On the Fourth Claim for Relief for Sexual Battery:

a)     Economic damages in the amount of $100,000 per Plaintiff;

b)     Noneconomic damages in the amount of $5,000,000 per Plaintiff;

c) Costs and disbursements incurred herein, and

d) Any other relief the Court deems necessary.

5. On the Fifth Claim for Relief for Title IX Violation:

a)     Economic damages in the amount of $100,000 per Plaintiff;

b)     Noneconomic damages in the amount of $5,000,000 per Plaintiff;

PAGE 36 – COMPLAINT FOR SEXUAL BATTERY; NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

_Verified Correct Copy of Original 7/29/2025._

c)    Attorney fees incurred herein pursuant to 42 U.S.C. § 1988;

d)    Costs and disbursements incurred herein; and

e)    Any other relief the Court deems necessary.

Dated:  July 28, 2025

s/Mark McDougal
_____
Gregory Kafoury, OSB #741663
Kafoury@kafourymcdougal.com
Mark McDougal, OSB #890869
mcdougal@kafourymcdougal.com
Jason Kafoury, OSB #091200
jkafoury@kafourymcdougal.com

PAGE 37 – COMPLAINT FOR SEXUAL BATTERY;
    NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd Ave., Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647